# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **The Bank of New York, as trustee for the holders of the EQCC Asset Backed Certificates, Series 2001-1F**<br><br>Plaintiff,<br><br>vs.<br><br>Lisa L. Anderson, et al.<br><br>Defendants. | Case No. 1:07-cv-954<br><br>Judge Christopher A. Boyko<br><br>**JUDGMENT ENTRY AND<br>DECREE OF FORECLOSURE** |

UNITED STATES DISTRICT JUDGE CHRISTOPHER A. BOYKO

This matter is before the Court on Plaintiff's unopposed Motion for Default Judgment.

The real property that is the subject of this foreclosure action (the "Property") is as follows:

Situated in the City of Lyndhurst, County of Cuyahoga and State of Ohio:

And known as being Sublot No. 10 i n the Friedhaven Construction Co's Subdivision No. 1 of part of Original Euclid Township Lot No. 78, Tract No. 5, as shown by the recorded plat in Volume 144 of Maps, Page 14 of Cuyahoga County Records, and being 60.00 feet front on the Northerly side of Kneale Drive, and extending back of equal width 233.10 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

The Clerk's Entry of Default is properly reflected on the Pacer docket. In response to the Motion for Default Judgment, the Court finds that Lisa L. Anderson, William T. Anderson and Mortgage Electronic Registration Systems, Inc. as nominee for Household Finance Corporation have been served with a Summons and Complaint but are in default for failure to file an Answer or other responsive pleading. As a result, with respect to such defendants, the Court hereby grants Plaintiff's Motion for Default Judgment and enters judgment in favor of Plaintiff for the

E42

relief sought by Plaintiff in its Complaint.

The Court finds that Lisa L. Anderson and William T. Anderson executed the promissory note referenced in the Complaint (the "Note") and therefore promised, among other things, to make monthly payments on or before the date such payments were due. The Court further finds that Plaintiff is the owner and holder of the Note and that the sums due under the Note were accelerated in accordance with the terms of the Note and Mortgage. The Court further finds that Lisa L. Anderson and William T. Anderson executed and delivered the mortgage referenced in the Complaint (the "Mortgage"), that Plaintiff is the owner and holder of the Mortgage, and that the Mortgage secures the amounts due under the Note.

The Court finds that the Note and Mortgage are in default because monthly payments have not been made. The Court further finds that the conditions of the Mortgage have broken, the break is absolute, and Plaintiff is entitled to have the equity of redemption and dower of the current title holders foreclosed.

The Court further finds that there is due on the Note principal in the amount of $132,887.20 plus interest on the principal amount at the rate of 7.99% per annum from March 12, 2006. The Court further finds that there is due on the Note all late charges imposed under the Note, all advances made for the payment of real estate taxes and assessments and insurance premiums, and all costs and expenses incurred for the enforcement of the Note and Mortgage, except to the extent the payment of one or more specific such items is prohibited by Ohio law.

The Court notes that, all personal obligations of Lisa L. Anderson and William T. Anderson on the Note have been discharged under the United States Bankruptcy Code. As a result, the Court does not grant personal judgment against Lisa L. Anderson and William T. Anderson for the amount due on the Note.

The Court finds that the Mortgage was recorded with the County Recorder and is a valid and subsisting first mortgage on the Property. The Court further finds that the parties to the Mortgage intended that it attach to the entire fee simple interest in the property. Plaintiff's Mortgage is, however, junior in priority under Ohio law to the lien held by the County Treasurer to secure the payment of real estate taxes and assessments. All amounts payable under Section 323.47 of the Ohio Revised Code shall be paid from the proceeds of the sale before any distribution is made to other lien holders.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that unless the sums found to be due to Plaintiff are fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption of the defendant title holders in the Property shall be foreclosed and the Property shall be sold free of the interests of all parties to this action. In addition, an order of sale shall issue to the Master Commissioner, directing him to appraise, advertise and sell the Property according to the law and the orders of this Court and to report his proceedings to this Court.

Notice of the time and place of the sale of the Property shall be given to all persons who have an interest in the Property according to the provisions of Section 2329.26 of the Ohio Revised Code.

Upon distribution of the proceeds, pursuant to the Order of Confirmation of Sale and Distribution, a certified copy of the Order shall be issued to the Cuyahoga County Recorder and Clerk of Courts directing them to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

**IT IS SO ORDERED.**

**DATE: June 18, 2007**

                                              s/Christopher A. Boyko
                                              _____
                                              Judge Christopher A. Boyko
                                              UNITED STATES DISTRICT JUDGE